UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA                    :

       v.                                              :

HECTOR ROSARIO,                              :
                                                          22 CR 355 (ENV)
                Defendant.                         :
------------------------------------------------------------------------x

## DEFENDANT HECTOR ROSARIO'S PROPOSED VOIR DIRE

**LOUIS M. FREEMAN**
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 907
New York, NY 10038
(212) 608-0808

Nadjia Limani, Associate Counsel
Kestine Thiele, Mentee

*Attorneys for Hector Rosario*

**Proposed Voir Dire Requests**

1. We request that this Court follow the lead of the Western District of Washington, which has pioneered an effort to educate potential jurors by requiring, in every case, an educational video, a jury instruction, and questioning about unconscious bias. *See* United States District Court for the Western District of Washington, Unconscious Bias Juror Video, *available at* https://www.wawd.uscourts.gov/jury/unconscious-bias ("The video and jury instructions on this page were created by a committee of judges and attorneys and will be presented to jurors in every case with the intent of highlighting and combating the problems presented by unconscious bias."). Please note this video is also used in the District of Rhode Island.

   The brief, ten-minute W.D. Wash. video should be played for the jury so that the defendants may be afforded a jury that gives them a fair trial. If granted, counsel will receive permission from Patrick Sherwood, W.D. Wash. District Court Deputy in Charge.

2. The defendant proposes that the following paragraph be read to the jurors during voir dire, after they are informed of the charges contained in the Indictment:

   The defendant has denied the charges made by the government. The defendant has pleaded not guilty to the indictment. The indictment is not evidence, it merely contains formal accusations. The government has the burden of producing evidence sufficient to prove each, individual defendant guilty beyond a reasonable doubt. Each defendant is presumed innocent.

   *See United States v. Kyrin Conyers*, 17-Cr-94 (KMW); *see also United States v. Maria Almonte*, 16-Cr-670 (KMW) (A paragraph similar to this was given as part of the case summary by the Honorable Kimba M. Wood in the *Conyers* and *Almonte* trials).

**Proposed Additional Voir Dire**

1. Defendant respectfully submits this proposed additional *voir dire* of prospective jurors. In addition to providing a preliminary overview of the presumption of innocence, reasonable doubt and a defendant's right to remain silent and that no inference may be drawn against a defendant from not testifying, and asking the usual background questions regarding a juror's education and field of study, area of residence, juror's marital status and type of employment (to include prior law enforcement or government employment, if any), spouse and children's employment (also to include prior law enforcement or government employment, if any), prior jury service, whether any member of a juror's family or close friends work in law enforcement or corrections, whether the juror has had any legal training, and whether any member of the jury knows any of the defendants, the defense attorneys or government attorneys, we request that the Court pose the following questions to prospective jurors, with appropriate follow-up questions as may be necessary.

**Organized Crime**

1. Do you live in, or are you familiar with, a neighborhood that has an organized crime or street gang presence? If yes, would your experience make it difficult for you to render a fair and impartial verdict? If yes, please explain.

2. Have you, your relatives or close friends known anyone or ever had contact with anyone you believed had ties to organized crime? If yes, please explain the nature of the relationship, without identifying the person and explain if it will affect your ability to be a fair and impartial juror in this case.

3. Do you believe that organized criminal entities like La Cosa Nostra or the Mafia exist?

4. Please list any books, magazines or other publications that you have read relating to organized crime, the Mafia, or La Cosa Nostra.

5. Have you ever watched movies or television shows specifically pertaining to organized crime, La Cosa Nostra or the Mafia? If yes, which movies or television shows?

6. Do you read, blog for, or report for any websites about organized crime? If yes, which sites?

7. Is there anything in what you have seen, heard or read about organized crime, the Mafia or La Cosa Nostra that would make it difficult for you to render a fair and impartial verdict in this case? If yes, please explain.

8. Do you think it is possible to know, or even be friends with, a member or associate of an organized crime entity like La Cosa Nostra or the Mafia without committing crimes yourself? If yes, do you think that person is still *more* likely to commit a crime than someone with no connection to organized crime?

**Presumption of Innocence and Burden of Proof**

1. Do any of you feel that Mr. Rosario must be guilty of something or he would not have been charged?

2. Mr. Rosario is not required to offer any evidence at this trial. Mr. Rosario can stay silent throughout the trial and has no obligation to present any evidence or prove his innocence. Will this affect your ability to be a fair and impartial juror?

3. Mr. Rosario has a right not to testify. If he chooses not to, will this affect your ability to be a fair and impartial juror?

**Contact with the Criminal Justice System**

1. Do you have any opinions about prosecutors, defense attorneys or the criminal justice system that would make it difficult for you to render a fair and impartial verdict? If yes, please explain.

2. The law provides that the testimony of a law enforcement witness is not more or less credible than any other witness just because they are in law enforcement. The jurors will hear the testimony of all the witnesses and weigh their credibility at the end of the trial. Would you have difficulty following this rule of law? If yes, explain why.

3. Do you or any of your relatives or close friends work for a criminal defense attorney or private investigator? If yes, without stating any person or place of employment by name, please indicate the length of his/her/their employment and explain his/her/their relationship to you.

4. Are you or do you have any close relatives or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail or penitentiary? If yes, without stating any person or place of employment by name, please explain.

5. Do you have any opinions or beliefs concerning law enforcement in general – including the Federal Bureau of Investigation, the Nassau County Police Department, and the Department of Justice – that would make it difficult for you to evaluate the evidence fairly and impartially in accordance with the Court's instructions? If yes, please explain.

6. Have you or any close relatives or friends attended any course(s), seminar(s), lecture(s) or demonstration(s)/protest(s) concerning, connected with or to express support for or opposition to any law enforcement agency or an action of any law enforcement agency? If yes, please explain.

7. Have you attended a protest of any kind? If yes, please explain.

8. Have you ever appeared or testified as a witness in any proceeding? If yes, what was the general nature of that proceeding, without identifying the parties?

9. If you have appeared as a witness and were cross-examined, is there anything about that experience which would affect your ability to be fair and impartial in this case? If yes, please explain.

10. Have you or anyone close to you, including family or friends, ever been under subpoena to testify in any criminal case? If yes, without listing any person or case by name, please explain. Is there anything about these facts that would make it difficult for you to sit as a fair and impartial juror in this case?

11. Have you ever been interviewed, questioned or subpoenaed in any matter by the New York City Police Department, any state or local law enforcement agency, the Department of Justice or any United States investigative agency, such as the Federal Bureau of Investigation, Drug Enforcement Administration, Internal Revenue Service or Customs Service? If yes, do you feel that you were treated fairly in connection with this matter? If no, please explain. Is there anything about these facts that would make it difficult for you to sit as a fair and impartial juror in this case?

12. Have you or a family member or close friend ever been involved in or been the subject of a criminal investigation? If yes, without naming the family member or friend, please explain.

13. Have you or a family member or close friend ever been accused of or charged with a crime? If yes, without naming the family member or friend, what was the result of that prosecution?

14. Have you or a family member or close friend ever been incarcerated? If yes, without naming the family member or friend, please explain. In addition, is there anything about that person's experience that would make it difficult for you to sit as a fair and impartial juror in this case.

**Personal Background**

1. Do you have any physical problem (such as sight, hearing or back problems) or an emotional problem that would make it unusually difficult for you to serve as a juror in this case? If yes, please describe. * Please note you do not have to disclose any private medical information in public.
2. Are you presently taking any medications that would that would affect your ability to concentrate, focus or pay attention to the evidence, arguments or instructions? If yes, please describe. * Please note you do not have to disclose any private medical information in public.

3. Have you ever served in the military? If yes, for the United States or a foreign country? What year did you enter? What branch did you serve and what rank did you earn? Any service in the military police or in court martials as an investigator or attorney? When were you discharged? What type of discharge did you receive? Would anything about your military service prevent you from evaluating the evidence presented in this case in a fair and impartial manner?

4. In the past ten years, have you or an immediate family member ever participated in any of the following types of groups?
    a. Groups that lobby or take public positions on civil or legal issues (i.e., the right to bear firearms/gun control)?
    b. Groups that focus on crime prevention (i.e., Neighborhood Watch or Mothers Against Drunk Driving)?
    c. Groups that focus on racial justice issues or criminal justice reform?

    d. Groups that focus on human rights advocacy?

    If yes, would that experience prevent you from evaluating the evidence presented in this case in a fair and impartial manner? If yes, please explain.

5. Do you, or does anyone else in your household, own any guns? If yes, please describe what type and the reason for ownership.

6. Do you or does any member of your family belong to any associations or civic clubs, such as the Rotary Club, B'nai B'rith, Knights of Columbus, Veterans of Foreign Wars, National Rifle Association, American Legion, American Civil Liberties Union, or private country clubs? If yes, please describe the type of group (without specifically naming it) and the length of your or your family member's involvement in the group.

7. What newspapers and magazines do you subscribe to or read regularly?

8. Do you have access to the Internet? If yes, which Internet websites, if any, do you frequently visit for news or information? Do you visit any websites focused on the criminal justice system?

9. What television programs regarding true crime, including investigative news programs (e.g., Dateline, 48 Hours, 20/20), crime drama shows (e.g., CSI, Law & Order, including Law & Order: Organized Crime) and crime drama movies and/or series (e.g., The Godfather, Sopranos, Goodfellas, Casino, Gamorrah, Boardwalk Empire, Donnie Brasco, Gangs of New York, etc.) have you watched?

10. Do you listen to any podcasts dealing with true crime (e.g., Court Junkie, Wine & Crime, Scam Goddess)?

**Press Coverage**

1. Based upon the description of this case, do you believe you have knowledge about the events charged?

2. Have you read any articles in the NY Post, NY Daily News or NewsDay regarding this case?

3. Have you heard or read about Mr. Rosario's case? If yes, what have you heard or read?

4. Have you formed an opinion as to Mr. Rosario, based on anything that you have heard or read? If yes, what is that opinion?

5. It is possible that this case may receive ongoing media attention. You will be instructed by the Court that you must avoid reading about the case, listening to any radio or television reports, reading any internet coverage or engaging in or listening to any discussion about this case. Would you be able to follow this Court's instruction?

                                                  Respectfully Submitted,

                                                  /s/ Louis M. Freeman
                                                  Louis M. Freeman
                                                  Nadjia Limani
                                                  Kestine Thiele

Dated: February 10, 2025
       New York, NY