ALK/SMS/SMS
F. #2018R00369

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    - against -                       Docket No. 22-CR-355 (ENV)

HECTOR ROSARIO,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - -X


THE GOVERNMENT'S REQUESTS TO CHARGE


JOHN J. DURHAM
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201


Anna L. Karamigios
Sophia M. Suarez
Sean M. Sherman
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT ............................................................................................. 3

REQUEST NO. 1 - General Requests .................................................................................. 4

REQUEST NO. 2 - The Indictment ....................................................................................... 6

REQUEST NO. 3 - Knowledge and Intent ........................................................................... 7

REQUEST NO. 4 - Count One: Obstruction of Justice ........................................................ 9

REQUEST NO. 5 - Count Two: Making False Statements ................................................... 14

REQUEST NO. 6 - Audio and Video Recordings and Transcripts ....................................... 18

REQUEST NO. 7 - Government Witnesses—Not Proper To Consider Guilty Plea ............... 19

REQUEST NO. 8 - Other Persons Not on Trial ................................................................... 20

REQUEST NO. 9 - Basing Verdict on Sympathy ................................................................. 21

REQUEST NO. 10 - Uncalled Witness Equally Available ..................................................... 22

REQUEST NO. 11 - All Available Evidence Need Not Be Produced ..................................... 23

REQUEST NO. 12 - Use of Charts and Summaries (If Applicable) ...................................... 24

REQUEST NO. 13 - Interviewed Witnesses ........................................................................ 25

REQUEST NO. 14 - Publicity .............................................................................................. 26

REQUEST NO. 15 - Uncharged Acts Considered for a Limited Purpose .............................. 27

REQUEST NO. 16 - Accomplice Witness Testimony ........................................................... 29

CONCLUSION .................................................................................................................... 31

<u>PRELIMINARY STATEMENT</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury and requests leave to offer additional instructions as they become appropriate during the course of trial.

To avoid juror confusion, the government has changed the numbering of the relevant counts in the indictment from Counts Seven and Eight to Counts One and Two.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government requests that the Court charge the jury in its usual manner on the following subjects:

a.  Duties of the Jury;

b.  Parties Are Equal before the Court;

c.  Presumption of Innocence;

d.  Burden of Proof;

e.  Reasonable Doubt;

f.  Punishment Not the Jury's Concern;

g.  Questioning the Wisdom of the Law;

h.  Dates in Indictment Are Approximate;

i.  Use of Conjunctive and Disjunctive in Indictment;

j.  What Is Not Evidence;

k.  Circumstantial Evidence and Direct Evidence;

l.  Specific Investigative Technique Not Required;

m.  Credibility of Witnesses and Discrepancies in Testimony;

n.  Testimony of Law Enforcement Witnesses;

o.  Testimony of Defendant (If Applicable);

p.  Defendant's Right Not To Testify (If Applicable);

q.  Stipulations and Objections;

r.  Venue;

s.  Deliberations; and

t.    Jury's Right To See Exhibits and Have Testimony Read During Deliberations.

REQUEST NO. 2

The Indictment

In order to place my instructions in context, I will start by giving you a summary of the crimes charged. They are stated in an indictment, which I will simply call the Indictment. The Indictment is not evidence; rather, it is simply the instrument by which the charges are brought. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment. And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the Indictment. The Indictment contains two counts, or separate charges or offenses. They are numbered Counts One and Two. You must consider each count separately and return a separate verdict based only upon the evidence as it relates to that specific count. Whether you find the defendant not guilty or guilty as to one offense should not affect your verdict as to the other offense. Your verdict as to each count must be unanimous.

Count One charges the defendant with obstruction of justice in or about January 2020. Count Two charges the defendant with making false statements on or about January 27, 2020.

Authority: Adapted from the charge of Hon. Joseph F. Bianco, United States v. Escobar, 21-CR-101 ("Escobar"); the charge of Hon. Joseph F. Bianco, United States v. Suarez, 16-CR-403 ("Suarez").

REQUEST NO. 3

Knowledge and Intent

I now will turn to the second part of this jury charge in which I instruct you as to the legal elements of the crimes charged.

During these instructions, you will hear me use the words "knowingly" and "intentionally" from time to time. As a general rule, the law holds individuals accountable only for conduct in which they intentionally engage. Thus, before you can find the defendant guilty of the crimes charged, you must be satisfied he was acting knowingly or intentionally.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about a defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to a defendant's state of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

> Authority: Adapted from the Sand et al., Modern Federal Jury Instructions (Hereinafter "Sand"); Instructions of the Hon. Eric N. Vitaliano, United States v. Aguilar, 20-CR-390 ("Aguilar"); Instructions 3A-1, 3A-3 and 3A-4; the charge of the Hon. Eric N. Vitaliano, United States v. Servider, 15-CR-174 (E.D.N.Y.) ("Servider"); the charge of the Hon. Frederic Block, United States v. Scalisi, 10-CR-46 (E.D.N.Y.); the charge of the Hon. Nicholas G.

Garaufis, <u>United States v. Price</u>, 05-CR-492 (E.D.N.Y.).

<u>REQUEST NO. 4</u>

<u>Count One: Obstruction of Justice</u>

Count One charges the defendant with obstructing justice in or about

January 2020.  The indictment reads as follows:

> In or about January 2020, within the Eastern District of New York and elsewhere, the defendant HECTOR ROSARIO, together with others, did knowingly, intentionally and corruptly obstruct and impede, and attempt to obstruct and impede, an official proceeding, to wit: a federal grand jury investigation in the Eastern District of New York.

The relevant statute provides, in relevant part: "whoever corruptly … obstructs,

influences, or impedes any official proceeding, or attempts to do so [is guilty of a crime]."

 To prove this crime, the government must prove beyond a reasonable doubt the

following four elements:

First, the defendant obstructed, influenced or impeded an official proceeding, or

attempted to do so;

<u>Second</u>, in the course of doing so, the defendant committed or attempted to

commit an act that impaired the integrity or rendered unavailable records, documents, objects, or

other things for use in the official proceeding;

<u>Third</u>, the defendant intended to impair the integrity of or render unavailable such

records, documents, objects, or other things for use in the official proceeding; and

<u>Fourth</u>, the defendant acted corruptly.

<u>First Element: Obstructing an Official Proceeding</u>

The first element the government must prove beyond a reasonable doubt is that

the defendant obstructed, influenced or impeded an official proceeding, or attempted to do so.

An official proceeding means a proceeding before a court, judge or federal agency. The proceedings may be criminal or civil. You are instructed that a federal grand jury investigation is an official proceeding.

The law does not require that the federal proceeding be pending at the time of the defendant's actions as long as the proceeding was foreseeable, such that the defendant knew that his actions were likely to affect the proceeding. In addition, the government does not have to prove that the defendant knew that proceeding would specifically be a federal grand jury proceeding.

Second Element: Impairing the Integrity or Availability of Things for Use in Official Proceeding

The second element the government must prove beyond a reasonable doubt is that the defendant impaired the integrity or rendered unavailable records, documents, objects, or other things for use in the official proceeding, or attempted to do so.

"Other things" includes witness testimony and other intangible information that could be used in an official proceeding.

Thus, if the government proves beyond a reasonable doubt that the defendant impaired the availability or integrity of witness testimony, records, documents, objects, or other intangible information, from its use in a federal grand jury investigation, or attempted to do so, this element is satisfied.

Third Element: Intent

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to impair the integrity or render unavailable evidence or other things for use in the official proceeding.

The law does not require that the defendant's actions succeeded in actually impeding or obstructing justice. In other words, this element is satisfied if the government

proves beyond a reasonable doubt that the defendant acted with intent to impair the integrity or render unavailable evidence or other things for use in the official proceeding, as I have explained those terms here, regardless of whether the defendant succeeds in interfering with an official proceeding.

Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, he committed an act with a particular intent. Such direct proof is not required; intent can be inferred from circumstantial evidence. You may, but are not required, to infer that a person intends the natural and probable consequences of actions knowingly done. In order to satisfy the intent element, it is not necessary for the government to prove that the defendant knew that he was breaking any particular law. Nor is it necessary for the government to disprove that the defendant might have had other reasons for his actions. The intent to impair the integrity of or render unavailable evidence or other things for use in an official proceeding need not have been the only reason, so long as it was a substantial motivating factor behind the defendant's actions.

Fourth Element: Defendant Acted Corruptly

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted corruptly.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly with the intent to obstruct, impede or influence the due administration of justice.

The due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution disposition or trial of any matter, civil or criminal in the courts of the United States. This includes federal grand jury proceedings.

Attempt

    Count One of the Indictment also charges the defendant with attempting to

obstruct justice.  As a result, with respect to Count One, the government may also satisfy its

burden of proof by demonstrating that the defendant attempted to commit the charged crime.

    To prove that the defendant attempted to commit a crime, the government must

prove the following two elements beyond a reasonable doubt:

    <u>First</u>, the government must prove that the defendant intended to commit the

crime as charged in Count One, the elements of which I have explained to you.

    <u>Second</u>, the government must prove that the defendant willfully took some

action that was a substantial step in an effort to bring about or accomplish the crime.

    To act "willfully" means to act knowingly and purposely with an intent to do

something the law forbids, that is to say, with a bad purpose either to disobey or disregard the

law.  A defendant's knowledge is a matter of inference from the facts proved.

    The mere intent to commit a specific crime, by itself, does not constitute an

attempt.  In order for you to find the defendant guilty of an attempt to commit the crime charged

in Count One, the government must prove, beyond a reasonable doubt, that the defendant

intended to commit the crime charged, and that he took some substantial step toward the

commission of the intended crime.

    In determining whether the defendant's actions amounted to a substantial step

toward the commission of the crime, it is necessary to distinguish between mere preparation on

the one hand, and actually doing a criminal deed on the other.  Mere preparation, which may

consist of planning the offense, or the devising, obtaining or arranging a means for its

commission, is not an attempt, although some preparations may amount to an attempt.  The acts

of a person who intends to commit a crime will constitute an attempt when the acts themselves

clearly indicate intent to commit the crime, and the acts are a substantial step in a course of

conduct planned to culminate in the commission of the crime.

<u>Authority</u>:    Adapted from the charges of the Hon. William F. Kuntz II,
<u>United States v. Gonzalez</u>, 23 CR 179, Hon. Joan Azrack,
<u>United States v. Spota et al.</u>, 17 CR 587 (E.D.N.Y.), and the
charge of the Hon. Joseph Bianco, <u>United States v.
Guzman</u>, 10 CR 74 (E.D.N.Y.); Sand, Instruction 46-70
(Obstruction of an Official Proceeding); Sand, Instruction
3A-4 (Intentionally); Sand, Instruction 10-1 (Attempt);
<u>United States v. Fischer</u>, 44 S. Ct. 2176 (2024).

REQUEST NO. 5

Count Two: Making False Statements

Count Two of the Indictment charges the defendant with making false statements

to Special Agents of the Federal Bureau of Investigation ("FBI") on or about January 27, 2020.

Count Two reads as follows:

> On or about January 27, 2020, within the Eastern District of New York and elsewhere, the defendant HECTOR ROSARIO did knowingly and willfully make one or more materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Federal Bureau of Investigation ("FBI"), in that the defendant falsely stated to Special Agents of the FBI that (a) he did not know the identity of John Doe, an individual whose identity is known to the Grand Jury, and (b) he was not familiar with the gambling business known as "Sal's Shoe Repair" located in and around 41 Merrick Avenue in Merrick, New York, when, in fact, as ROSARIO then and there well knew and believed, he did know the identity of John Doe and was familiar with that gambling business.

The relevant statute provides, in pertinent part: ". . . whoever, in any matter within

the jurisdiction of the executive, . . . branch of the Government of the United States, knowingly

and willfully . . . makes any materially false, fictitious or fraudulent statement or representations

. . . shall be [guilty of a crime]."

The purpose of Section 1001 is to protect the authorized functions of the various

governmental departments from any type of misleading or deceptive practice and from the

adverse consequences which might result from such deceptive practices.

To prove a defendant guilty of making materially false statements, the

government must prove each of the following elements beyond a reasonable doubt:

First, on or about the date specified, the defendant made a statement or

representation;

Second, the statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement or representation was made knowingly and willfully; and

Fifth, the statement or representation was made with respect to a matter within the jurisdiction of the government of the United States.

I will explain each of these elements to you in more detail.

First Element: The Defendant Made a Statement or Representation

The first element that the government must prove beyond a reasonable doubt is that the defendant made a statement or representation.

Second Element: Materiality

The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material. Something is material if it is capable of influencing the government's decisions or activities. That means that the government is not required to prove that the defendant's statement in this case actually influenced the government's decisions or activities in this particular investigation; instead, the government must prove beyond a reasonable doubt that the defendant's statement is the kind of statement that is capable of or has the natural tendency to influence the government's decisions or activities in general.

The requirement that a false statement be "material" does not require the government to prove that anyone at the FBI was actually misled by the defendant's statements or relied on the defendant's statements. It is possible for a false statement to be "material" even if the FBI knew at the time the statement was made that the statement was false, so long as the statement was capable of influencing the government's decisions or activities.

Third Element: False Fictitious or Fraudulent Statement

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

Here, the government has identified two statements which you should consider:

A. On or about January 27, 2020, the defendant stated, in sum and substance, that he did not know the identity of John Doe.

B. On or about January 27, 2020, the defendant stated, in sum and substance, that he was not familiar with the gambling business known as "Sal's Shoe Repair" located in and around 41 Merrick Avenue in Merrick, New York.

The government must only prove that one of these statements was false, fictious, or fraudulent. You the jury must be unanimous in determining which statement or statements were false, fictitious or fraudulent. For example, it would not be sufficient for six of you to find that Statement A is false, and six of you to find that Statement B is false. There must be at least one statement that all of you believe constituted a material false, fictitious or fraudulent statement in order to convict. This requirement will be reflected on the verdict form that I will give you.

Fourth Element: Knowing and Willful Conduct

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

I have already explained what it means to act knowingly and willfully, and those instructions apply here.

<u>Fifth Element: Matter Within the Jurisdiction of the United States Government</u>

The fifth element that the government must prove beyond a reasonable doubt is that the statement was made with regard to a matter within the jurisdiction of the government of the United States.  To be within the jurisdiction of a department or agency of the United States Government means that the statement must concern an authorized function of that department or agency.

I instruct you that the FBI is a part of the United States Department of Justice, which is a department or agency of the United States government.  I further instruct you that one of the authorized functions of the Department of Justice, including the FBI, is to investigate violations of federal criminal law.  I further instruct you that racketeering activity and illegal gambling are violations of federal criminal law.

It is not necessary for the government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter that was within the jurisdiction of the government of the United States.  It is sufficient to satisfy this element if you find that the false statement was in fact made with regard to a matter within the jurisdiction of the government of the United States, regardless of whether the defendant knew that matter was within the jurisdiction of the government of the United States.

Authority

Adapted from the charges of the Hon. William F. Kuntz II, <u>United States v. Gangapersad</u>, 19-CR-4 (E.D.N.Y.); the Hon. Dora L. Irizarry, <u>United States v. Sampson</u>, 13-CR-269 (E.D.N.Y.); the Hon. Carol Bagley Amon, <u>United States v. Brettschneider</u>, 18-CR-123 (E.D.N.Y.); the Hon. Ronnie Abrams, <u>United States v. Muraca</u>, 17-CR-739 (S.D.N.Y.); the Hon. Jeffrey Alker Meyer, <u>United States v. Khan</u>, 18-CR-195 (D. Conn.); further adapted from <u>United States v. Kishk</u>, 63 F. App'x 11, 13 (2d Cir. 2003); <u>United States v. Kim</u>, 808 F. Supp. 2d 44, 60 (D.D.C. 2011); and <u>United States v. Beaver</u>, 515 F.3d 730, 742 (7th Cir. 2008); <u>see also</u> Sand, Instructions 3A-3, 36-1.

REQUEST NO. 6

Audio and Video Recordings and Transcripts

The government has offered evidence in the form of recordings of telephone calls and in-person meetings. These calls and meetings were lawfully recorded. While the recordings were played, you were shown a transcript of the recording, some of which included English translations from Spanish.

As to the portions of the recordings that are spoken in Spanish, I instruct you that it is the English translation of the Spanish-language portion of the conversation reflected on the transcripts that is the evidence, and you must accept this translation [if applicable: pursuant to the stipulation of the parties]. As to the portions of the recordings that are spoken in English rather than Spanish, although you may use the transcript as an aid or guide to assist you in listening to the portions of the recordings in English, you alone should reach your own decision of what is on the recordings in English based upon what you heard. If you think you heard something different in English than appeared in the transcript, then what you heard is controlling, not the transcript.

Whether you approve or disapprove of the recording of those conversations may not enter your deliberations. I instruct you that these recordings were properly admitted into evidence at this trial. You should consider this evidence along with all of the other evidence in this case in determining whether the government has proved beyond a reasonable doubt the guilt of the defendant.

Authority: Adapted from the jury charge of the Hon. Eric N. Vitaliano in United States v. Aguilar, 20-CR-390 (E.D.N.Y. 2024), the Hon. Pamela K. Chen in United States v. Juan Angel Napout, et al., 15-CR-252 (E.D.N.Y. 2017); United States v. Bahadar, 954 F.2d 821, 830 (2d Cir. 1992) (approving similar instruction with respect to translations of foreign-language recordings); the Hon. Rachel P. Kovner in United States v. Amador Rios, 18-CR-398 (E.D.N.Y. 2023).

<u>REQUEST NO. 7</u>

<u>Government Witnesses—Not Proper To Consider Guilty Plea</u>

You have heard testimony from government witnesses who pled guilty to charges arising out of the same facts as this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to related charges.  Each witness' decision to plead guilty was a personal decision based on the facts and circumstances and evidence in his or her own case.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

<u>Authority</u>: Adapted from the charge of the Hon. Joseph. F. Bianco
in <u>United States v. Escobar</u>, 21-CR-101 (E.D.N.Y.).

<u>REQUEST NO. 8</u>

<u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the crimes charged in the indictment.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons are not on trial before you.  That these individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the defendant on trial before you.

<u>Authority</u>: Sand, Instruction 3-4; charge of the Hon. Eric N. Vitaliano, <u>United States v. Chen et al</u>, 22-CR-158 (ED.N.Y.).

<u>REQUEST NO. 9</u>

<u>Basing Verdict on Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy for one side or the other and you are not to be concerned with the wisdom or the policy of any law that the defendant is alleged to have broken.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

<u>Authority</u>

Adapted from the charge of the Hon. Ronnie Abrams, <u>United States v. Muraca</u>, 17-CR-739 (S.D.N.Y.); <u>see also</u> Sand, Instruction 2-12.

REQUEST NO. 10

Uncalled Witness Equally Available

There are some names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Authority

Adapted from Sand, Instruction 6-7.

<u>REQUEST NO. 11</u>

<u>All Available Evidence Need Not Be Produced</u>

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

<u>Authority</u>

Adapted from the charges of the Hon. Brian M. Cogan, <u>United States v. Wilson</u>, 08-CR-690 (E.D.N.Y.) and the Hon. I. Leo Glasser, <u>United States v. Breheney</u>, 94-CR-244 (E.D.N.Y); <u>see also</u> Sand, Instruction 4-4 (E.D.N.Y.).

<u>REQUEST NO. 12</u>

<u>Use of Charts and Summaries</u>
<u>(If Applicable)</u>

During the course of trial there were charts or summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. These charts, maps and/or summaries were introduced basically as summaries. They are not direct evidence. They are summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves any evidence. They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them. But one way or the other, realize that the charts are not in and of themselves direct evidence. They are merely visual aids. They are nothing more.

<u>Authority</u>

Adapted Sand, Instruction No. 5-13 and <u>United States v. Nathan</u>, 536 F.2d 988 (2d Cir. 1976).

<u>REQUEST NO. 13</u>

<u>Interviewed Witnesses</u>

There was testimony at trial that attorneys for the government and for the defense interviewed witnesses while preparing for and during the course of the trial.  You should not draw any unfavorable inference from that fact.  To the contrary, the attorneys were obliged to prepare their case as thoroughly as possible and, in the discharge of that responsibility, properly interview witnesses before trial and as necessary throughout the course of the trial.

<u>Authority</u>

Adapted from the charges of the Hon. Carol B. Amon in <u>United States v. Mazella</u>, 11-CR-300 (E.D.N.Y.) and the Hon. John Gleeson in <u>United States v. Mendoza, et al.</u>, 09-CR-292 (E.D.N.Y.).

<u>REQUEST NO. 14</u>

<u>Publicity</u>

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the press, seen on television, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

<u>Authority</u>

Adapted from Sand, Instruction 2-17.

<u>REQUEST NO. 15</u>

<u>Uncharged Acts Considered for a Limited Purpose</u>

You have heard evidence that the defendant Hector Rosario engaged in conduct other than the crimes charged in the indictment.  The defendant is not on trial for committing any acts not charged in the indictment or for acts committed outside the time periods charged in each count of the indictment.  Consequently, you may not consider evidence of those other acts as a substitute for evidence that the defendant committed the crimes charged in this case.  Nor may you consider evidence of those other acts as proof that the defendant has a criminal propensity; that is, you may not conclude that he likely committed the crimes charged in the indictment because he was predisposed to criminal conduct.

Instead, you may consider evidence of uncharged conduct by the defendant for limited purposes, and you may consider it only for the following limited purposes, which I will now describe.  You may only consider evidence of uncharged conduct:

- As evidence of conduct that is inextricably intertwined with evidence of the charged crimes;

- As evidence enabling you to understand the complete story of the charged crimes; and

- As evidence corroborating the testimony of other government witnesses.

Evidence of uncharged conduct by the defendant may not be considered by you for any purpose other than the ones I have just listed.

> Authority: Adapted from the charge of Hon. Eric N. Vitaliano, United States v. Chen et al, 22-CR-158 (E.D.N.Y.), and the Hon. Kiyo A. Matsumoto, United States v. Rivera, 13-CR-149 (E.D.NY.).

<u>REQUEST NO. 16</u>

<u>Accomplice Witness Testimony</u>

You have heard from witnesses who testified that they were involved in planning and carrying out certain crimes with the defendant.  They testified pursuant to cooperation agreements, which provided that, in exchange for agreeing to cooperate and testify, the witnesses's cooperation would be brought to the attention of the sentencing judge.

Section 5K1.1 of the United States Sentencing Guidelines provides the framework for federal courts to use to determine the sentences of cooperating witnesses.  You should keep two facts in mind regarding motions under Section 5K1.1: (1) only the government can make such motions, and it cannot be compelled to do so, provided it has acted in good faith; and (2) the sentencing judge has complete discretion as to whether or not to grant such a motion.  Thus, regardless of whether or not a 5K1.1 motion is made, the final determination as to the witness's sentence rests with the court and not with the government.

There has been a great deal said about whether or not you should believe cooperating witnesses.  The government argues, as it is permitted to do, that it must take such a witness as it finds him.  It argues that sometimes only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.  For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

It is also the case, however, that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplice witnesses.

You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

> Authority: Adapted from Sand, Modern Federal Jury Instructions, Instruction No. 7-5; charge of Hon. Eric N. Vitaliano, United States v. Chen et al, 22-CR-158 (E.D.N.Y.); charge of the Hon. Nicholas G. Garaufis, United States v. Ashburn, No. 11-CR-303 (NGG) (E.D.N.Y. Mar. 11, 2015) at 19-21, ECF No. 425.the charges of the Hon. Carol B. Amon, United States v. Moore, E.D.N.Y., 13 CR 487; the Hon. Sandra L. Townes, United States v. Chavez, E.D.N.Y., 08 CR 43; the Hon. Nicholas G. Garaufis, United States v. Wilson, E.D.N.Y., 04 CR 1016; United States v. Bernard, 625 F.2d 854 (9th Cir. 1980); United States v. Garcia, 528 F.2d 580 (5th Cir. 1976); United States v. Owens, 460 F.2d 268 (10th Cir. 1972); Tillery v. United States, 411 F.2d 644 (5th Cir. 1969).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.  Finally, the government has enclosed a proposed special verdict sheet with this request.

Dated:  Brooklyn, New York
　　　　February 18, 2025

Respectfully submitted,

JOHN J. DURHAM
United States Attorney
Eastern District of New York


By:  _____/s/_____
Anna L. Karamigios
Sophia M. Suarez
Sean M. Sherman
Assistant United States Attorneys
(718) 254-7000


cc:　　Clerk of Court (ENV) (by ECF)
　　　　Louis Freeman (By ECF)