

U.S. Department of Justice

United States Attorney
Eastern District of New York

ALK/SMS/SMS      *271 Cadman Plaza East*
F. #2018R00369      *Brooklyn, New York 11201*

February 18, 2025

<u>By E-Mail and ECF</u>

The Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:     <u>United States v. Hector Rosario</u>
                   <u>Criminal Docket No. 22-355 (ENV)</u>

Dear Judge Scanlon:

      As discussed at the February 13, 2025 conference, the government writes to provide the names and addresses of two additional places that may come up at trial. Additionally, the government writes to respectfully request that the Court modify the anticipated voir dire question relating to cooperating witnesses.

      First, the names and addresses for the two additional places that may come up at trial are as follows:

- Collision Concepts, located at 459 West Merrick Road, Valley Stream, New York
- Liberty Ready Mix, located at 17801 Liberty Avenue, Jamaica, New York

      As to the voir dire question relating to cooperating witnesses, the government understands that the Court intends to ask the below questions:

> Do you have any views about witnesses who have committed crimes seeking reduced sentences? Do you hold any beliefs and opinions that would affect your ability to evaluate testimony from such witnesses fairly and impartially? Do you believe that you would be unable or unwilling to fairly and impartially assess the testimony of such witness, in accordance with the Court's instruction?

      The government respectfully reiterates its concerns that these questions omit important context about cooperating witnesses—<u>i.e.</u>, that they have pleaded guilty to crimes pursuant to cooperation agreements with the government and are testifying in the hopes that they

will receive leniency at sentencing—and thus that the questions will not adequately probe the potential jurors' views of cooperating witnesses. Where, as here, the government's case-in-chief will rely heavily on testimony from cooperating witnesses, it is crucial that the potential jurors' views of such witnesses and their ability to appropriately weigh their testimony is thoroughly explored. Indeed, the importance of a detailed voir dire on this issue is illustrated by a recent jury selection in United States v. Chen, No. 22-CR-158 (MMH) (ENV) (E.D.N.Y. Oct. 21, 2024), a case before Judge Vitaliano, during which a potential juror was ultimately excused because the juror took issue with testimony from cooperating witnesses:

> THE COURT: Okay. Now, it may be the case that there are witnesses in this trial who are testifying in the hope of receiving some sort of agreement or benefit from the Government. Would you be able to objectively evaluate the sort of testimony from those kinds of witnesses in this trial?
>
> PROSPECTIVE JUROR: So in other words, you're saying that they could be guilty, but they're getting immunity for testifying?
>
> THE COURT: They are people who have signed agreements, yes, they've admitted that they committed crimes and they're testifying on behalf of the Government. Yes.
>
> THE PROSPECTIVE JUROR: Honestly, no.
>
> THE COURT: So you would not be able to objectively evaluate the testimony of a cooperating witness?
>
> THE PROSPECTIVE JUROR: If I knew that, yes. I don't think it's right.
>
> …
>
> THE COURT: All right. Let's deal with this last group of five people. So I think Juror Number 40 needs to be excused because she flat out said that she could not be objective in evaluating cooperating witness' testimony and there are going to be cooperating witnesses.
>
> THE GOVERNMENT: Correct, Your Honor.
>
> THE COURT: Any objection?
>
> DEFENSE COUNSEL: No, Your Honor.
>
> DEFENSE COUNSEL: No.

See Ex. A at 238; 240–41.

Because potential jurors can hold strong views of, and potential misconceptions about, cooperating witnesses that would impact their ability to impartially weigh their testimony, courts in this district routinely ask fulsome questions about cooperating witnesses during voir dire. For example, in Chen, Judge Henry asked the following question during voir dire:

> The Government may present the testimony of one or more cooperating witnesses who have pleaded guilty to crimes in exchange for the possibility of reduced sentences or other benefits from the Court. The trial judge, Judge Vitaliano, will give you instructions about the caution and care that you must give to such testimony. Is there anything about the fact that a witness may testify pursuant to such an agreement that would prevent you from being a fair and impartial juror in this case?

See Ex. A at 246. Judge Marutollo asked virtually identical questions of potential jurors in selecting a jury for Judge Vitaliano's trial in United States v. Aguilar, No. 20-CR-390 (JAM) (ENV) (E.D.N.Y. Jan. 2, 2024). See Ex. B at 158; see also, e.g., Trial Tr. 87:18–88:8, United States v. Ennab, 22-CR-464 (AMD) (E.D.N.Y. Jan. 27, 2025); Trial Tr. 65:5–22, United States v. Pena, 21-CR-176 (LKE) (E.D.N.Y. Sept. 9, 2024); Trial Tr. 716:7–16, United States v. Watson, 23-CR-82 (MMH) (E.D.N.Y. May 22, 2024); Trial Tr. 54:15–25, United States v. Hilliard, 19-CR-358 (PKC) (E.D.N.Y. April 13, 2022). These questions previewed for potential jurors Judge Vitaliano's final instructions relating to cooperating witnesses,[1] so that the court and the parties could adequately assess at jury selection whether any potential juror would have trouble applying the law at the end of the case.

---

[1] See Chen, No. 22-CR-158 (ENV) (E.D.N.Y. Nov. 18, 2024) ("But right now, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses. You should ask yourselves whether the witnesses would benefit more by lying or by telling the truth. Was the testimony made up in any way because the witnesses believed or hoped that they would somehow receive favorable by testifying falsely? Or did the witnesses believe that their interests would be best served by testifying truthfully? If you believe that the witnesses were motivated by hopes of personal gain, was this motivation one that would cause them to lie, or was it one that would cause them to tell the truth? Does motivation color their testimony at all? You have also heard testimony about the cooperating witnesses have been promised that if the government determines that the cooperating witness has cooperated fully, provided substantial assistance to law enforcement authorities, testified truthfully, and otherwise complied with the terms of the cooperation agreement, the government will present to the sentencing court what is called a 5K1 letter, or a 5K letter. The 5K letter sets forth the cooperating witness' criminal acts, as well as the substantial assistance the witness has provided. I instruct you that a 5K letter does not guarantee the cooperating witness a lower sentence. This is because the sentencing court may, but is not required to, take the 5K letter into account when imposing sentence on the cooperating witness. Thus, while the decision regarding whether to write the 5K letter rests with the government, the final determination as to the sentence to be imposed rests with the Court. Ultimately, you should look at all of the evidence in deciding what credence and what weight you give to the cooperating witnesses.").

In light of the above, the government respectfully requests that the Court modify its proposed voir dire questions to ask the same questions regarding cooperating witnesses that was asked of potential jurors in <u>Chen</u> or <u>Aguilar</u>. In the alternative, the government respectfully requests that the Court otherwise modify its questions on this topic to expressly refer to such witnesses as "cooperating witnesses," and to make clear that such witnesses have pleaded guilty to crimes and are testifying in the hopes of receiving leniency at sentencing.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:       /s/
Anna L. Karamigios
Sophia M. Suarez
Sean M. Sherman
Assistant U.S. Attorneys
(718) 254-7000

cc:    Defense Counsel (by ECF)
       Clerk of Court (by ECF)