KT The Law Office of Kestine M. Thiele, PLLC

Kestine M. Thiele, Esq.
305 Broadway, Suite 700
New York, New York
(212) 542-3860
kestine@kthielelaw.com

November 16, 2026

**Via ECF**
The Honorable Eric N. Vitaliano
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *United States v. Hector Rosario*, 22 Cr. 355 (ENV)**
**Response to Letter-Motion to Unseal (Dkt. 212)**

Dear Judge Vitaliano:

I represent Hector Rosario under the Criminal Justice Act, 18 U.S.C. § 3006A. I write in response to the Court's November 10, 2026 Order, which directs a response to the letter-motion of Janon Fisher of Newsday (Dkt. 212). Newsday asks the Court to unseal, or release a redacted version of, the defense's April 30, 2026 letter requesting a sentencing date (Dkt. 210). The defense does not oppose public access to the substance of that letter. Today, the defense is filing a public redacted version of the same document that withholds only the passage describing defense counsel's medical circumstances. We ask the Court to accept that filing as the public version of Dkt. 210, keep the unredacted original under seal, and otherwise deny the motion.

## I. Dkt. 210 Is a Scheduling Request That Stated Its Reason for Sealing

Newsday describes Dkt. 210 as a letter "regarding restitution in United States v. Gabriele, et al." (Dkt. 212 at 1). That description is wrong. Dkt. 210 is a letter asking the Court to "schedule a sentencing date for Mr. Rosario," briefly reciting the procedural history, and asking for a schedule for disclosure of the Presentence Report and a sentencing date before October 2026 (Dkt. 212 at 1). Newsday also claims there is no "argument for why a record should be sealed" (Dkt. 212 at 2), however counsel did provide the Court a reason for the sealing request: that it contained information concerning defense counsel's medical circumstances (Dkt. 210 at 1).

## II. The Governing Rules and Standard

Newsday relies on its assertion that "Local Civil Rule 6.3 requires a party seeking to file a document under seal to obtain prior permission from the Court" (Dkt. 212 at 1). Local Civil Rule 6.3 governs motions for reconsideration. It does not address sealing. E.D.N.Y. Local Civ.

R. 6.3. In this criminal case, Federal Rule of Criminal Procedure 49.1(d) allows the Court to order a filing made under seal without redaction and later to unseal it or order a redacted version filed for the public record. Fed. R. Crim. P. 49.1(d). This Court's Individual Rule II.E likewise calls for a publicly filed "Redacted Document" alongside a sealed submission. Individual Motion Practice and Rules of Judge Eric N. Vitaliano, Rule II.E. The redacted version filed today follows that procedure.

The Court first decides whether a filing is a judicial document, then decides how much weight the presumption of access carries, and then balances competing interests against it. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). A filing is a judicial document only if it is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). The weight of the presumption is not fixed: "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Where the First Amendment right applies, continued sealing requires specific, on-the-record findings that sealing is necessary to preserve higher values and is narrowly tailored. *Lugosch*, 435 F.3d at 120; *see Lee v. Greenwood*, No. 23-7432-cr (2d Cir. July 28, 2025).

### III. The Presumption Carries Little Weight, and the Proposed Redaction Is Narrowly Tailored

Even if Dkt. 210 is assumed to be a judicial document, the presumption that attaches to it is light. The letter asks the Court to put sentencing and Presentence Report disclosure on the calendar. Judge Koeltl has considered defense letters that "dealt with administrative matters such as scheduling, submissions and seating" and concluded that "these documents are so far removed from the exercise of a judicial function that any presumption of access that attaches to them would be entitled to little weight." *United States v. Sattar*, 471 F. Supp. 2d 380, 389-90 (S.D.N.Y. 2006). The same reasoning applies here. The Court's scheduling decisions are already public. Dkt. 217 shows that on August 4, 2026, the Court set sentencing for November 6, 2026 (Dkt. 217 at 1), and later adjourned sentencing to January 8, 2027.

Against that limited presumption, the Second Circuit recognizes "the privacy interests of those resisting disclosure" as a countervailing factor. *Amodeo II*, 71 F.3d at 1050-51; *Lugosch*, 435 F.3d at 120. Defense counsel's personal medical information is that kind of interest, and defense counsel is not a party to this prosecution. Even under the First Amendment standard, the Second Circuit upheld sentencing-memorandum redactions limited to medical and personal information because they were narrowly tailored. *Lee*, No. 23-7432-cr. The proposed redaction is narrower still: a single sentence. Everything else in Dkt. 210 will be public, including the request for a sentencing date, the procedural history, and the request for a Presentence Report schedule. The withheld passage adds nothing to the public's understanding of how the Court is administering this case. In a press-access case in this district, the court likewise placed "a redacted version of the Attorney Letter" on the docket. *United States v. Tangorra*, 542 F. Supp. 2d 233, 237 (E.D.N.Y. 2008). *Tangorra* also ordered disclosure of a letter from defense counsel seeking a later surrender date, *id.* at 238, but that request rested on the needs of a business.

The defense recognizes that blanket sealing without individualized review is not enough. *See Lee*, No. 23-7432-cr. For that reason, the defense does not seek to keep the whole letter sealed. We ask the Court to find that (1) the redacted passage contains only defense counsel's personal medical information; (2) that privacy interest outweighs whatever presumption of access attaches to that passage; and (3) redacting only that passage is narrowly tailored. Newsday's remaining comments about the timing of sentencing do not bear on whether a single passage of counsel's medical information should be made public, and the redacted letter will itself show that the defense asked the Court to set a sentencing date.

For these reasons, the defense respectfully asks the Court to (a) accept the redacted version of Dkt. 210 filed today as its public version; (b) keep the unredacted Dkt. 210 under seal; and (c) otherwise deny the motion to unseal. Thank you for your consideration.

Respectfully submitted,

Kestine Thiele

Kestine Thiele
Louis Freeman
*Attorneys for Hector Rosario*